# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

DONALD E. MARTIN,

    Plaintiff,

v.

NATIONAL CITY MORTGAGE CO., et al.,

    Defendants.

CASE NO. 1:08-cv-01026-SMS

**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (F.R.Civ.P. 12(c))**

(Doc. 40)

Defendant PNC Bank, N.A., as successor by merger to National City Bank f/d/b National City Mortgage Co., moves for entry of judgment on the pleadings, pursuant to F.R.Civ. P. 12(c). Plaintiff has filed no opposition. This Court has reviewed the papers and has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 78-230(h). Having considered all written materials submitted, the Court orders that Defendant's motion be granted and that judgment be entered in Defendant's favor.

**I.**     **Background**

On August 25, 2006, Plaintiff refinanced his home with a $268,950 first mortgage and $350,000 second mortgage to National City Bank. The loan proceeds were used to pay off existing first and second mortgages totaling approximately $470,000 and to pay settlement charges totaling approximately $9,408. Plaintiff received a cash balance of approximately $139,683. The Complaint alleges that Plaintiff received a Good Faith Estimate, Truth in Lending disclosure statements, HUD-1 settlement statement and Notice of Right to Cancel, attaching these documents as exhibits and incorporating them by reference.

| | |
|---|---|
| 1 | On May 5, 2008, Cal-Western Reconveyance Corporation declared Plaintiff to be in |
| 2 | default for nonpayment of the first mortgage.  Plaintiff responded on May 20, 2008, sending |
| 3 | National City Bank a notice to rescind.  On July 18, 2008, Plaintiff filed this lawsuit, alleging |
| 4 | violations of the Truth in Lending Act (15 U.S.C. § 1640(e)) ("TILA") and California's Unfair |
| 5 | Competition Law (Cal. Business and Prof'l Code § 17200 et seq.), and seeking rescission and |
| 6 | damages.  Defendant answered on November 14, 2008.  Both parties have consented to |
| 7 | jurisdiction of a magistrate judge. |

## II. Legal Standard for Judgment on the Pleadings

"After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." F.R.Civ.P. 12(c).  A motion for judgment on the pleadings is a "means to challenge the sufficiency of the complaint after an answer has been filed." *New.Net, Inc. v. Lavasoft*, 356 F.Supp.2d 1090, 1115 (C.D.Cal. 2004).

A court evaluates a motion for judgment on the pleadings using the same standard applicable to motions to dismiss.  *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir.), *cert. denied*, 493 U.S. 812 (1989).  "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989).  A court must assume that the material facts alleged in the complaint are truthful and construe all inferences that may reasonably be drawn from the allegations in favor of the responding party.  *General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989), *cert. denied*, 493 U.S. 1079 (1990).

When a court rules on a motion to dismiss, it may consider the complaint, the exhibits to the complaint, and matters subject to judicial notice under F.R.E. 201.  *Brewer v. Indymac Bank*, 609 F.Supp.2d 1104, 1112 (E.D.Cal. 2009).  Summary judgment is properly ordered when no issue of material fact exists and the moving party is entitled to judgment as a matter of law.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

///

In addition, Rule 12(d) provides:

> If, on a motion under Rule . . . 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Defendant's inclusion of a copy of the Notice of Right to Cancel, signed by Plaintiff to acknowledge receipt at closing, could be considered a matter outside the pleadings. In his complaint, Plaintiff acknowledged receiving the Notice at closing and included a unsigned copy of the Notice as an Exhibit to the Complaint. Plaintiff argues, however, that his receipt of the Notice is immaterial since the Lender failed to provide full disclosure as defined by TILA and the regulations promulgated under it ("Regulation Z"). Accordingly, this Court need not consider the document provided by Defendant and orders it excluded from consideration of Defendant's motion for judgment on the pleadings.

### III. Discussion

#### A. Plaintiff's Contentions

TILA is intended "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601(a). TILA mandates disclosure instead of substantively regulating the terms that creditors may include in their financial products. *Hauk v. J.P. Morgan Chase Bank USA*, 552 F.3d 1114, 1120 (9th Cir. 2009). Plaintiff alleges that the documents appended to his complaint as exhibits 2-8 and incorporated into his complaint by reference failed to disclose "the true nature and cost of the Transaction."

In particular, Plaintiff alleges that the Good Faith Estimate identifies service fees and charges unlike the actual service fees and charges set forth on the HUD-1. Because of the discrepancy in the amounts, Plaintiff alleges that the credit report fee and the notary fee are not bona fide, reasonable, or in good faith. Plaintiff further alleges that the HUD-1 identifies charges deducted from the amount financed that constitute finance charges, as defined in 15 U.S.C. § 1605 (a) and Reg. Z § 226.4(a), but were not set forth on the Truth-in-Lending disclosure form.

Defendant challenges the sufficiency of the complaint, arguing (1) that Plaintiff's rescission claim is time-barred, (2) that Plaintiff has failed to tender the loan proceeds as required

3

to rescind the loan, (3) that Plaintiff's TILA claim is time-barred, and (4) that Plaintiff fails to state a state-law claim. Because this Court concludes that Plaintiff's TILA claims are barred by the applicable statutes of limitations, it need not reach Defendant's other arguments.

### B. Rescission Claims

Under TILA, a borrower may rescind the transaction until midnight of the third business day after the closing. 15 U.S.C. § 1635 (a) and (b); *Semar v. Platte Valley Savings and Loan Ass'n*, 791 F.2d 699, 701 (9th Cir. 1986). If the lender fails to comply with TILA disclosure requirements, however, the rescission period may be extended for three years. 15 U.S.C. § 1635(f); *Semar*, 791 F.2d at 701-02. A failure of compliance may arise from the lender's failure to provide notice of the borrower's right of rescission or to provide all material disclosures required.

Plaintiff acknowledges receipt of the Notice of Right to Cancel, but contends that the three-day rescission period did not apply because Defendant failed to make all necessary material disclosures under TILA and Regulation Z. TILA provides, in pertinent part:

> [T]he obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later . . . . .

15 U.S.C. § 1635 (a). *See also* 12 C.F.R. § 226.23 (a)(3). "'Material disclosures' means the required disclosures of the annual percentage rate, the finance charge, the amount financed, the total payments, the payment schedule, and the disclosures and limitations referred to in § 236.32 (c) and (d). 12 C.F.R. § 226.23 (a)(3) n. 48. Credit report fees and notary fees are not material finance charges in a real estate transaction if they are bona fide and reasonable in amount. 12 C.F.R. § 226.4 (c)(7)(iii). If Defendant failed to provide material disclosures, Plaintiff's rescission claims are timely.

#### 1. Credit Report and Notary Fees

Plaintiff first contends that the credit report fee and notary fee are neither bona fide, reasonable or in good faith, because the discrepancy between the amounts shown on the Good Faith Estimate of Closing Costs and the HUD-1 exceeds the disclosure tolerance set forth in 12

4

C.F.R. § 226.23(h)(2).[1] The Good Faith Estimate sets forth a charge of $16.08 for the credit report fee in contrast to an actual charge of $42.08 for the first mortgage on the HUD-1, and no charge for a notary fee as opposed to $90.00 on the HUD-1.

The Good Faith Estimate is not intended to indicate precisely the amounts that will be reflected on the HUD-1. The Good Faith Estimate states:

> The information provided below reflects estimates of the charges which you are likely to incur at the settlement of your loan. The fees are estimates–the actual charges may be more or less. Your transaction may not require a fee for every item listed. The numbers listed beside the estimates generally correspond to the numbered lines contained in the HUD-1 or HUD-1A settlement statement which you will receive at settlement. The HUD-1 or HUD-1A settlement statement will show you the actual cost for the items paid at settlement.

Nonetheless, relying on 12 C.F.R. § 226.23(h)(2), which addresses the tolerance for disclosures in the event of an error on the Truth-in-Lending Disclosure Statement, as set forth in Exhibit H to Regulation Z, Plaintiff alleges that the $116 difference between estimated and actual credit report and notary fees entitles him to rescind the $268,950 loan transaction. The tolerance formula for misstatements on the Truth-in-Lending form simply has no application to a discrepancy between the Good Faith Estimate and the HUD. As previously noted, in a residential transaction, the credit report and notary fees are not part of the finance charges unless they are not bona fide and reasonable. 12 C.F.R. § 226.4 (c)(7)(iii).

That said, Plaintiff never provides a factual basis from which this Court could find that the credit report or notary fees were not bona fide or reasonable. "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to this action. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the

---

[1] The Good Faith Estimate does not indicate if it applies to one or both loans extended to Plaintiff but includes no explicit references to the second mortgage.

elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S.Ct. at 1949. Plaintiff's allegations that the credit report and notary fees are not bona fide or reasonable is just such a legal conclusion.

Although accepted as true in a motion for judgment, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim. Because Plaintiff fails to do so here, his claims relating to credit report and notary fees are not cognizable.

### 2. **Deductions from Amount Financed**

At paragraph 25, the complaint alleges: "The HUD-1 Settlement Statement, Exhibit 7, also identifies additional charges deducted from the 'Amount Financed' that are actually 'Finance Charges' as that term is defined under [15] U.S.C. § 1605(a) and Reg. Z § 226.4(a)." Again, Plaintiff alleges that these amounts materially understate the finance charges, exceeding the tolerance range set forth in 12 C.F.R. § 226.23(h)(2). Because Plaintiff fails to allege with specificity which additional charges Defendant failed to include as finance charges, this allegation also fails to state a claim.

### 3. **Rescission Is Untimely**

Because Plaintiff fails to allege cognizable claims that Defendant failed to provide any material disclosure required by TILA, the applicable statutory period in which he could have

///

brought a claim for rescission ended at midnight on the third business day following the loan closing. Having been brought long after that date, Plaintiff's claims for rescission are untimely.

### C. Plaintiff's Claim for Damages

"In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind." 15 U.S.C. §1635(g). Private causes of action for monetary damages are authorized by 15 U.S.C. § 1640(a). Actions for damages may be "brought in any United States District Court or any other court of competent jurisdiction, within one year of the date of the violation." 15 U.S.C. § 1640(e). Although a creditor violates TILA when it makes inaccurate disclosures, the borrower must bring a suit for damages within one year of the date on which the inaccurate disclosures were made. *Hubbard v. Fidelity Federal Bank*, 91 F.3d 75, 79 (9th Cir. 1996).

Inaccurate disclosures are deemed to arise on the closing date of the loan. *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986), *cert. denied*, 484 U.S. 802 (1987). Accepting Plaintiff's allegations as true, Plaintiff had one year from August 25, 2006, or until August 25, 2007, to bring an action for damages for inaccurate disclosure at the closing of the mortgage loans. 15 U.S.C. § 1640(e); *Hubbard*, 91 F.3d at 79. By the time Plaintiff filed this lawsuit on July 18, 2008, the statutory period had long expired. Plaintiff's claims for damages are precluded by the statute of limitations.

### D. State Claim

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court my decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the

district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." <u>United Mine Workers of Amer. v. Gibbs</u>, 383 U.S. 715, 726 (1966). Because this Court dismisses Plaintiff's federal claims as untimely, it declines to exercise supplemental jurisdiction over Plaintiff's state claim.

## IV. Conclusion

In accordance with the foregoing, this Court hereby ORDERS that:

1. Defendant's Motion for Judgment on the Pleadings is GRANTED; and
2. The Clerk of Court is directed to enter judgment, dismissing this action with prejudice.

IT IS SO ORDERED.

**Dated:     February 18, 2010**              /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE